United States District Court
Southern District of Texas
FILED

MAR 03 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BOREAN OIL COMPANY,<br>JON C. LEWIS, THOMAS R.<br>LEWIS, DYER S. WADSWORTH,<br>CASS COUNTY IRON COMPANY,<br>AND JACK L. VAUGHN AND<br>ASSOCIATES, INC.<br>　　　　　Plaintiffs,<br><br>VERSUS<br><br>SKLAR EXPLORATION COMPANY L.L.C.,<br>AND SKLAR TEX, L.L.C.<br>　　　　Defendants | CIVIL ACTION NO. C-00-074<br><br><br>JUDGE H.W. HEAD, JR. |

## MOTION TO DISMISS FOR
## FAILURE TO JOIN AN INDISPENSABLE PARTY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendants, Sklar Exploration Company L.L.C., and Sklar-Tex, L.L.C., and pursuant to the provisions of Fed. R. Civ. P. 12(b)(7) and 19(b), moves the Court to dismiss this action because of the non-joinder of an indispensable party defendant, and as grounds therefor would show:

### Case History

On Tuesday, February 22, 2000, Borean Oil Company ("Borean"), Jon C. Lewis, Thomas R. Lewis, Dyer S. Wadsworth, Cass County Iron Company, and Jack L. Vaughn Associates, Inc. (hereinafter sometimes collectively referred to as "Plaintiffs") filed their "Plaintiffs'

- 1 -

Original Petition and Application For Temporary Injunction and Order to Arbitrate" (the "Complaint") naming Sklar-Tex, L.L.C. ("Sklar-Tex") and Sklar Exploration Company, L.L.C. ("SEC")(hereinafter sometimes referred to jointly as "Defendants") as Defendants. Plaintiffs request that this Court enter (1) an order compelling arbitration of a contractual dispute concerning who is the "Operator" of an oil and gas prospect in Cass County, Texas (the "Prospect"), and (2) an order enjoining the development and drilling of new well proposed by SEC ("Johnson Well Proposal").

As set forth in detail below, Plaintiffs allege in the Complaint that working interest owners will be irreparably harmed and damaged if this Court does not grant their application for a Temporary Restraining Order pending arbitration of Plaintiffs' underlying claims. However, Plaintiffs have deliberately chosen **not** to join as parties those working interest owners that **have elected** to participate in the drilling of the Johnson Well as proposed by SEC pursuant to the terms of a Joint Operating Agreement (the "JOA").

Accordingly, Defendants filed their Motion requesting that this Court dismiss Plaintiffs' complaint for failure to join as parties the following working interest owners in the Prospect: Nolan Manziel, N. Paul Manziel, Manziel Management Corporation, and

CitaPDF - www.texisa.com

Manziel Family Oil and Gas Partnership, Ltd. (hereinafter sometimes collectively referred to as the "Manziel Group").

## Evidence

1.    As evidenced by the attached Affidavits of Malcolm S. Murchison and James N. Cantwell, each dated March 2, 2000, Nolan Manziel, N. Paul Manziel, Manziel Management Corporation, and Manziel Family Oil and Gas Partnership, Ltd. (hereinafter sometimes collectively referred to as the "Manziel Group") - as working interest owners - have an interest relating to the subject of this action, and are so situated that the disposition of the action in their absence may, as a practical matter, impair or impede their ability to protect that interest and will leave Defendants subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

2.    The Manziel Group has not been made and cannot be made a party to this action because their joinder would deprive the Court of jurisdiction over the subject matter of this action.

3.    Each member of the Manziel Group is a citizen of the State of Texas and is subject to the jurisdiction of this Court.

4.    The Manziel Group is indispensable and this cause should be dismissed.

## DETAILED FACTUAL BACKGROUND

Sklar-Tex L.L.C. ("Sklar-Tex") is an oil and gas operator domiciled in Caddo Parish, Louisiana. On or about June 25, 1998, Borean, through its Vice-President and Plaintiff, Mr. C. R. Lewis, came to Sklar-Tex's Office in Shreveport, Louisiana to present the Prospect to Sklar-Tex, which Borean called the Cass County Smackover Prospect. The Prospect consisted of a contiguous area located in Cass County, Texas, covered by oil, gas and mineral leases owned or to be acquired by Borean (the "Leases") containing a geological feature underlying said lands identified by Borean as potentially capable of producing oil and gas in paying quantities. During this meeting at Sklar-Tex's Office, Borean solicited Sklar-Tex to participate in the acquisition of an undivided working interest in the Leases.

During the negotiations between Sklar-Tex and Borean following this meeting, Sklar-Tex made it clear to Borean that it would only agree to participate in the acquisition of an undivided working interest in the Leases upon certain conditions, including, without limitation, that Sklar-Tex serve as Operator of any wells drilled on the Prospect and associated facilities and that operations be in Sklar-Tex's full control, not that of a committee. These negotiations culminated in the execution of (1) a Joint Operating Agreement ("JOA") dated effective May 28, 1999, by and

- 4 -

between Sklar-Tex L.L.C., as Operator, and Sklar Exploration Company L.L.C., et al., including all of the Plaintiffs, as Non-Operator; and (2) a Lease Purchase and Development Agreement, Cass County Smackover Prospect, Cass County, Texas (the "Participation Agreement"), dated effective June 2, 1999, by and between Borean and Sklar-Tex. Borean and Sklar-Tex executed the Participation Agreement at Sklar-Tex's Office.

The Participation Agreement sets forth the means by which Sklar-Tex may earn an undivided working interest in the Leases. Specifically, it requires Sklar-Tex to pay a proportionate part of the costs of the Leases and of an exploratory well - referred to as the "Test Well." The Participation Agreement also provides that Sklar-Tex will be designated Operator in the JOA by and between it and all other owners of a Non-Operating working interest in the Leases, including all of the Plaintiffs. By Assignment dated effective June 3, 1999, Sklar-Tex assigned its rights to a working interest under the Participation Agreement to Sklar Exploration Company L.L.C., reserving, however, unto Sklar-Tex, all rights and obligations as Operator.

The JOA provides that all of the Non-Operating working interest owners thereunder, including all of the Plaintiffs, designate Sklar-Tex as Operator of a "Contract Area" approximately the same as the area of the Prospect. Article V.A. of the JOA

provides in pertinent part that Sklar-Tex, as Operator, "...shall conduct and direct and have full control of all operations on the Contract Area as permitted and required by, and within the limits of this agreement."

On August 19, 1999, Sklar-Tex spudded the Test Well, also known as the Sklar-Tex L.L.C.-W. R. Nichols et al. No. 1 Well (the "Nichols Well")in the Contract Area. Sklar-Tex thereafter continuously drilled the Test Well to a total depth of approximately 12,000 feet and, upon reaching total depth and making appropriate evaluations, completed the well as a producer. Sklar-Tex served as Operator at all times throughout the drilling and completion of the Test Well with the consent and approval of all Non-Operating working interest owners, including the Plaintiffs.

On December 16, 1999, all of the Plaintiffs, either in person or through their representatives, attended a meeting at Sklar-Tex's office for the purpose of discussing possible options for the design and procurement of permanent production facilities for the Test Well. Since the completion of the Test Well, Sklar-Tex has planned an extended test of that well and designed and procured permanent production facilities for the Test Well, all with the continuing written consent and approval of all Non-Operating working interest owners, including the Plaintiffs.

- 6 -

Following Sklar-Tex's successful, initial discovery, a dispute arose between two of the non-operating working interest owners - Borean, on one hand, and SEC, on the other - as to the location, depth and timing of the drilling of a subsequent well. This subsequent well was <u>not</u> a test well governed by the Participation Agreement; but instead was/is a well wholly governed by the JOA. Borean and SEC communicated about this dispute by telephone calls and correspondence. On January 20, 2000, a meeting was conducted at Sklar-Tex's office at which all of the Plaintiffs, either in person or through their representatives, were present, at which the dispute as to the location, depth and timing of the drilling of this subsequent well was discussed. After many months of unproductive discussions regarding the location, depth, and timing of the drilling of a subsequent well, by letter dated February 9, 2000, SEC proposed the drilling of the Johnson No. 1 Well (the "Johnson Well"), as expressly authorized by the JOA as a Non-Operating working interest owner.

To re-emphasize, the Johnson No. 1 Well is/was <u>NOT</u> a test well governed by the Participation Agreement. It is/was in all respects a well governed by the JOA. Article VI.B. of the JOA provides in pertinent part that "any party" to the JOA that desires to drill a well on the Contract Area may propose such a well by notifying the other parties to the JOA and giving them thirty (30) days within

- 7 -

which to elect to participate in the cost of the proposed operation. Each party to the JOA has the right to participate or not to participate (i.e., go non-consent). Non-Consenting Parties release their rights to proceeds from the sale of production from the well in which they elect not to participate until such time as Consenting Parties recover their costs and a specified risk penalty.

The Proposal requests that all of the working interest owners elect to participate or not to participate in the drilling of the Johnson Well within thirty (30) days pursuant to the terms of the JOA. Attached to the proposal was an Authority For Expenditures ("AFE") which estimates the costs of drilling and completing the Johnson Well. As Operator under the JOA, Sklar-Tex <u>must</u> respect the rights of all the Non-Operating working interest owners to propose the drilling of a well under the JOA and it must perform the operation for the account of the Consenting Parties to that proposal. Regardless of whether some parties to the JOA elect to participate in a proposed operation and others elect not to participate, the JOA obliges the Operator to perform the operation for the account of the Consenting Parties.

Plaintiffs, in contravention of the JOA, erroneously claim that a majority of the working interest owners have the right to defeat the proposal of SEC to drill the Johnson Well. After

- 8 -

receiving the proposal for the Johnson Well, the Plaintiffs, by letter dated February 7, 1999, advised Sklar-Tex "...that a majority of the working interest owners have voted to remove Sklar-Tex as Operator of the Cass County Smackover Prospect, Cass County, Texas." The letter goes on to state that "[w]e request that Sklar-Tex L.L.C. continue in an interim capacity until a new Operator can be chosen, or until 90 days have elapsed."

By letter dated February 7, 2000, to the Plaintiffs, Sklar-Tex responded to this letter as follows:

> "The Joint Operating Agreement (the "JOA") dated May 28, 1999, by and between Sklar-Tex L.L.C., as Operator, and Sklar Exploration Company L.L.C. et al., as Non-Operator, under which you designate Sklar-Tex as Operator and under which it agreed to serve as Operator, does not allow for removal of the Operator by merely a majority vote. On the contrary, in order to be subject to removal, the Operator must `... fail[] or refuse[] to carry out its duties hereunder ... .'

> "Sklar-Tex has at all times performed its duties under the JOA in accordance with its terms. Your `notice' is ineffective because it does not set forth the basis for any claim that Sklar-Tex has failed or refused to carry out its duties under the JOA. Sklar-Tex will continue to perform its duties under the JOA for the account of all working interest owners."

By letter dated February 9, 2000, from Mr. C.R. Lewis (purportedly issued on behalf of all of the Plaintiffs) to Sklar-Tex, the Defendants assert that it is not necessary to provide any reason for removal of Sklar-Tex as Operator because "...the Lease Purchase and Development Agreement, Cass County Smackover Prospect, Cass

- 9 -

County, Texas, dated effective June 2, 1999, ... sets out the method of this action (Paragraph III.) and further that this [Participation] Agreement controls in the event of a conflict (Paragraph XII.) with the [JOA]."

In discussions between representatives of Sklar-Tex and Plaintiffs between February 7, 2000, and the present, Plaintiffs have maintained that they intend to prevent the Johnson Well from being drilled. To that end some of the Defendants - namely, C.R. Lewis of Borean and Jack Vaughn of Jack Vaughn & Associates, Inc. - met with representatives of Sklar-Tex in Shreveport, Louisiana on February 17, 2000. At that meeting, the parties were unable to resolve their dispute concerning the attempted removal of Sklar-Tex as Operator.

By letter dated March 2, 2000, from Borean to Sklar-Tex, Mr. C. R. Lewis, Vice President of Borean, claimed that Borean "is acting as operator of the ..." Prospect and that Borean "assumed the duties of operator as of February 21, 2000."

Article V.B. of the JOA provides the exclusive means by which Sklar-Tex may be removed as Operator. The sole exception relates to the Test Well (governed by the Participation Agreement) not involved here. Since Sklar-Tex has not failed or refused to carry out its duties under the JOA, it is not subject to removal. Article V.B. of the JOA provides in pertinent part that Sklar-Tex

- 10 -

may only be removed as Operator "...if it fails or refuses to carry out its duties hereunder... ." Plaintiffs claim that they have the right to remove the Operator without any reason because they object to the proposal of a Non-Operating working interest owner - SEC - to drill the Johnson Well.

On February 22, 2000, the same day on which Plaintiffs filed this complaint, Defendant Sklar-Tex filed suit against Plaintiffs in Louisiana's First Judicial District Court, Caddo Parish, Louisiana, seeking declaratory relief concerning the following disputed issues:

1. Sklar-Tex is only subject to removal as Operator under the JOA if it fails or refuses to carry out its duties thereunder; and

2. Since Sklar-Tex has not failed or refused to carry out its duties under the JOA, Plaintiffs' attempt to remove Sklar-Tex as Operator under the JOA is ineffective.

3. Sklar-Tex or any other Operator under the JOA must perform all work for the account of the Consenting Parties to the proposal of SEC to drill the Johnson Well under Article VI.B. of the JOA.

## LEGAL AUTHORITIES AND ANALYSIS

The principal relief sought by Defendants' present motion is dismissal of Plaintiffs' complaint because the Manziel Group, as working interest owners of approximately seven percent (7%) of the Prospect, are indispensable parties to the present litigation, and that their joinder as defendants is mandatory because Plaintiffs'

action seeks to determine or alter (and prejudice) the legal rights and obligations of the Manziel Group as working interest owners under the JOA.  Equity and good conscience weigh against allowing this action to proceed in the Manziel Group's absence.  In fact, Plaintiffs admit in paragraph 13 of their Complaint that **"conflicting positions will be taken by Sklar-Tex, L.L.C. and Borean Oil Company, resulting in irreparable harm or damage to the working interest owners."**

The Plaintiffs' admission is consistent with the determination in Bradco Oil & Gas, Co. v. A.H. Rowan, 437 S.W.2d 58, (Tex. Civ. App. - Houston [1st Dist.]1968, no writ), that holders of working interest in oil and gas producing properties were indispensable parties to action by co-working interest holders to remove one of the parties defendant as operator of properties and to substitute one of the parties plaintiff as operator.  Likewise, in Ramsey v. Bomin Testing, Inc., 68 F.R.D. 335 (W.D. Okla 1975), co-owners of undivided working interest in an oil and gas lease were ruled indispensable parties under Rule 19(b) in action brought by part owners of undivided working interest in oil and gas lease, where judgment rendered in absence of co-owners might not be prejudicial to them, but would be prejudicial to Defendants since it would subject them to risk of multiple litigation.

- 12 -

Federal law governs the compulsory joinder of parties in a diversity case.   <u>Provident Tradesmen's Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). F.R.Civ.P. 19(a) provides the criteria for determining when an action must be dismissed for failure to join a party:

> First, Rule 19(a) provides a framework for deciding whether a given person should be joined. Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined. <u>Pulitzer-Polster v. Pulitzer</u>, 784 F.2d 1305, 1309 (5th Cir. 1986).

The initial determination required by Sklar-Tex's present motion, then, is whether the Manziel Group is a party to be joined if feasible under Rule 19(a).   That rule requires joinder (assuming that joinder will not deprive the court of jurisdiction) if:

> (1)  in the person's absence complete relief cannot be accorded among those already parties, or

> (2)  the person claims an interest related to the subject of the action and is so situated that the disposition of the action in the person's absence may:

>> (i)  as a practical matter impair or impede the person's ability to protect that interest, or

>> (ii) leave any of the person's already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Two points are relevant to the Court's determination of joinder under Rule 19(a).   First, Plaintiffs' own complaint admits the

- 13 -

risks, damages, and irreparable harm to the working interest owners should Plaintiffs' prayer for relief not be granted. The Manziel Group, although consenting to and electing to participate in SEC's Johnson Well proposal, are no less immune to the irreparable harm and damages alleged by Plaintiffs than any other working interest owner. Therefore, the Manziel Group's absence from the present litigation seriously prejudices, impairs and impedes the rights and interests to which they are entitled under the JOA as working interest owners and effectively precludes complete relief to the present parties. Second, joinder of the Manziel Group as defendants under Rule 19(a) is not feasible. Each member of the Manziel Group is a resident of the State of Texas, joinder of which will deprive the Court of jurisdiction over the subject matter of this action.

Since the Manziel Group is a party whose joinder is needed for a just adjudication under Rule 19(a), particularly in a capacity which would deprive the Court of subject matter jurisdiction, the Court must next consider under Rule 19(b) whether "in equity and good conscience," the action should proceed in the Manziel Group's absence or be dismissed. Sandefer Oil & Gas, Inc. v. Duhon, 871 F.2d 526, 529 (5th Cir. 1989). In the instant case Rule 19(b) factors warrant dismissal. Fed R. Civ. P. 19(b) lists four

- 14 -

criteria to be weighed by the court in deciding whether a party is indispensable:[1]

> (1) prejudice to an absent party or those already parties in the lawsuit;

> (2) whether the shaping of relief can lessen prejudice to absent parties;

> (3) whether adequate relief can be given without participation of the party; and

> (4) whether the plaintiff has another effective forum if the suit is dismissed.

The distilled essence of the criteria of Rule 19(b) is an attempt to balance the rights of all concerned. The Supreme Court has stated that the criteria enumerated in Rule 19(b) may be delineated as the interests that affect four categories of persons: the plaintiff's interest in the federal forum, the defendant's interest in avoiding multiple litigation or inconsistent relief, the absentee's interest in avoiding prejudice from the proceeding, and the interests of the courts and the public in complete, consistent, and efficient settlement of controversies. Provident Tradesmen's Bank, 390 U.S. at 109-111. These catagories, considered by courts in determining to proceed or dismiss, were elaborated upon in

---

[1] Co-owners of undivided working interest in an oil and gas lease were indispensable parties under Rule 19(b) in action brought by part owners of undivided working interest in oil and gas lease, where judgment rendered in absence of co-owners might not be prejudicial to them, but would be prejudicial to Defendants since it would subject them to risk of multiple litigation. Ramsey v. Bomin Testing, Inc., 68 F.R.D. 335 (W.D. Okla. 1975).

- 15 -

Schutten v. Shell Oil Co., 421 F.2d 869 (5th Cir. 1970).  Although the plaintiff has the right to control his own forum, this "right" is, like all other rights, defined by the rights of others and must be reconciled with the defendant's right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations.  Id.  Likewise, the interests of the party who cannot be feasibly joined must be considered along with that of the public interest and the interest of the court in ensuring that insofar as possible, the litigation will be both effective and expeditious. Id.  The Schutten court also noted that the term "indispensable" as utilized in Rule 19(b) is not definitive but "conclusionary" meaning that the term denotes a conclusion reached after due consideration that the party is one who should be joined but whose joinder is impossible and that it is preferable to dismiss the case than to proceed without him.

Analyzing the interests in this case, Plaintiffs' interest in the federal forum is weak.  Relief in the state courts is fully available and equally convenient to Defendants.  There is no special reason that the suit must be brought in federal court except for Plaintiffs' illegitimate desire to avail themselves of the efficiencies of the federal forum to assist in their efforts to delay and ultimately thwart the execution of a valid well proposal. Further, the federal court has no special expertise in the subject

matter of this suit, the case before this Court is in the most
preliminary of stages, and the Defendants have no decree of
judgment presently existing from this federal court to protect.
Cf. <u>Provident Tradesmen's Bank</u>, 390 U.S. at 110; <u>Pulitzer</u>, 784
F.2d at 1312. As set forth above in the context of the Rule 19(a)
discussion, the Manziel Group's absence from the present litigation
seriously prejudices, impairs and impedes the rights and interests
to which the Manziel Group is entitled under the JOA as working
interest owners. Equally important, Sklar-Tex filed a complaint in
a Louisiana district court on the same day Plaintiffs filed this
action seeking a declaratory judgment as to the same issues
formulating the merits of the instant complaint.

Sklar-Tex and SEC each have a strong interest in avoiding
multiple or inconsistent relief, the likelihood of which is highly
probable given the conflict between the obligations of Sklar-Tex
and SEC to non-party, absentee, working interest owners under the
JOA and any order or decree this Court may enter against Defendants
enjoining their ability to act to fulfill those obligations. The
exposure of the Defendants to the claims of absentee non-parties,
such as the Manziel Group who would not be bound by the decree of
this court if not joined as indispensable parties, for its failure
to perform their obligations under the JOA becomes not only a real
possibility but a probability. The Manziel Group, if not joined as

indispensable parties, will perpetuate the threat of multiple litigation and inconsistent obligations.  Although the threat of multiple litigation in and of itself will not make a party indispensable, the threat of inconsistent obligations will.  <u>Boone v. General Motors Acceptance Corp.</u>, 685 F.2d 552 (5th Cir. 1982); <u>Cornhill Ins. PLC. V. Valsamis, Inc.</u>, 160 F.3d 80,84 (5th Cir. 1997).

The Defendants cannot contemplate any protective provisions which might be ordered by this Court that could successfully avert the prejudice to Sklar-Tex and SEC of potential lawsuits from non-party working interest owners or the prejudicial effect that an injunction on their operations would impose on the contractual rights of non-party working interest owners and their expectation of compliance with the JOA.  Inasmuch as Plaintiffs' complaint revolves around conflicting claims of operator rights, the Defendants cannot envision any decree that this Court could fashion which would effectively settle any controversy between the Plaintiffs and Sklar-Tex without doing substantial injury to the Manziel Group's right to have operations conducted pursuant to the JOA.  Any attempts to render a judgment or decree which would enjoin Sklar-Tex from taking an action as operator pending an arbitral determination yet preserve the Manziel Group's rights under the JOA would result in a meaningless decree as well as the

- 18 -

real probability of additional multiple and costly litigation and possibly conflicting decisions. Accordingly, this Court should agree that Sklar-Tex's exposure to multiple litigation and inconsistent obligations is a real and present threat that deserves considerable weight in the Courts evaluation of the Rule 19 interests to be protected.

The Manziel Group's absentee interest does not require much additional elaboration beyond that already admitted by Plaintiffs in their complaint and already discussed above in the context of Rule 19(a) above. Suffice it to say that it would be inconsistent to allow Plaintiffs to allege irreparable harm and damage to the working interest owners as they do in paragraph 13 of their complaint and simultaneously argue that the Manziel Group's working interests would not be impaired or impeded if the litigation proceeds in their absence.

Lastly, consideration of the interests of the courts and the public in complete, consistent, and efficient settlement of controversies supports the determination that Plaintiffs' suit should be dismissed. Dismissal does not deprive the Plaintiffs of a viable and efficient forum in which to have their complaint heard as the Plaintiffs will continue to have an adequate remedy if the suit is dismissed for non-joinder. For one, a virtually identical suit is pending in Louisiana state court. And second, the

Plaintiffs can still bring the same action against the same parties, plus the Manziel Group, in Texas state court. All the parties and witnesses will be available in state courts and there exists no barrier to any of the Plaintiffs' claims that do not exist in federal court.

## CONCLUSION

The Manziel Group's interest in the present litigation as working interest owners is evident from the nature of their right under the JOA and their exposure, if true, to the damages and harms alleged by Plaintiffs. Non-joinder of the Manziel Group creates a substantial risk of prejudice to the Manziel Group as well as Sklar-Tex and SEC. Plaintiffs' complaint concerns an existing and actual controversy over the nature of the obligations of the Defendants to all working interest owners, including those that have elected to participate in SEC's Johnson Well Proposal as well as those that seek to illegitimately delay the Proposal in contravention of the terms of the JOA. Under these circumstances, considerations of equity and good conscience weigh in favor dismissing the action and requiring Plaintiffs to proceed in a state court forum where the Manziel Group may be joined as a defendant.

## PRAYER

FOR THE REASONS STATED ABOVE, Defendants' Motion to Dismiss for Failure to Join the Manziel Group as a Indispensable Party should be GRANTED.

Respectfully Submitted,

By: _____

James H. Robichaux
TSB #1783000
Federal ID #2203

802 North Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone:  (361) 888-9261
Facsimile:  (361) 888-8504

Of Counsel:

MATTHEWS & BRANSCOMB
A Professional Corporation

Malcolm S. Murchison
TSB #00798017
Barlow and Hardtner L.C.
Tenth Floor, Louisiana Tower
401 Edwards Street
Post Office Box 8
Shreveport, Louisiana  71161-0008
Telephone:  (318) 227-1131
Facsimile:  (318) 227-11141

Attorneys for Defendants,
Sklar Exploration Company L.L.C.
and Sklar-Tex L.L.C.

- 21 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2000 a true and correct copy of the above and foregoing "Motion to Dismiss for Failure to Join an Indispensable Party" has been served upon counsel by placing a copy of same in the United States mail, postage prepaid and properly addressed as follows:

Robert Anderson
Sorrell, Anderson, Lehrman, Maixner & Ridulfo, L.L.P.
1200 American Bank Plaza
711 North Carancahua
Corpus Christi, Texas 78475

_____
James H. Robichaux

C0024902.WPD.1

- 22 -



CutePDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BOREAN OIL COMPANY,                    CIVIL ACTION NO. C-00-074
JON C. LEWIS, THOMAS R.
LEWIS, DYER S. WADSWORTH,
CASS COUNTY IRON COMPANY,
AND JACK L. VAUGHN AND                 JUDGE H.W. HEAD, JR.
ASSOCIATES, INC.
                    Plaintiff,

VERSUS

SKLAR EXPLORATION COMPANY L.L.C.,
AND SKLAR-TEX, L.L.C.
                    Defendants.


STATE OF LOUISIANA,

PARISH OF CADDO.


**AFFIDAVIT OF MALCOLM S. MURCHISON**


    I, Malcolm S. Murchison, being duly sworn, state:

1.

    I am attorney for the defendants in this action, Sklar
Exploration Company L.L.C and Sklar-Tex L.L.C.



DEFENDANT'S
EXHIBIT
A

2.

This is an action (1) for an order to compel arbitration of a contractual dispute concerning whether the defendant, Sklar-Tex has been removed as "Operator" of a oil and gas prospect in Cass County, Texas (the "Cass County Prospect"), and (2) for an order to restrain, temporarily, the notice issued by the defendant Sklar Exploration Company L.L.C. to all of the other working interest owners, including the plaintiffs, for the drilling of a proposed well, the Johnson No. 1, L.M. Campbell Survey, A-212, Cass County, Texas, within the "Contract Area" of the Cass County Prospect (the "Johnson Well Proposal").

3.

As established by the Affidavit of James N. Cantwell, attached hereto, the Johnson Well Proposal was issued by Sklar Exploration's letter dated February 9, 2000, in accordance with Article VI B. of that certain Joint Operating Agreement ("JOA") dated effective May 28, 1999, by and between Sklar-Tex, as Operator, and the working interest owners of the Cass County Prospect, to wit; the plaintiffs, Sklar Exploration Company L.L.C. and certain persons who are not parties to this suit, as follows: Nolan Manziel, N. Paul Manziel, Manziel Management Corporation and Manziel Family Oil and Gas Partnership, Ltd. (collectively "The Manziel Group").

2

4.

The Johnson Well Proposal directed that each of the working interest owners elect to participate or not to participate in the drilling of the Johnson Well within 30 days as provided for in VI B.1. of the JOA and the "Authority For Expenditures" ("AFE") enclosed therewith which estimated the cost of drilling and completing of the Johnson Well.

5.

As established by the affidavit of James N. Cantwell, attached hereto, and the letters attached as Exhibits 1 through 4 to the Affidavit of James N. Cantwell, each of Nolan Manziel, N. Paul Manziel, Manziel Management Corporation and Manziel Family Oil and Gas Partnership Ltd., has notified Sklar Exploration that each has elected to participate in the proposed operations to drill the Johnson No. 1 Well, and each is entitled to the performance to certain duties and obligations by Sklar Exploration as the proposing party thereunder in accordance with the Johnson Well Proposal and the JOA.

6.

Nolan Manziel, N. Paul Manziel, Manziel Management Corporation and Manziel Family Oil and Gas Partnership Ltd. is each a person whose joinder as a party in this action is necessary in that in the absence of each member of the Manziel Group, complete

3

relief can not be afforded those already parties or as the case may be.

7.

Each of Nolan Manziel, N. Paul Manziel, Manziel Management Corporation and Manziel Family Oil and Gas Partnership Ltd., are a citizen and resident of the State of Texas, and subject to service of process in this action.

Further Affiant sayeth not.

_____
Malcolm S. Murchison

THUS DONE and SIGNED before me, Notary Public, on this 2nd day of March, 2000.

_____
NOTARY PUBLIC in and for
Caddo Parish, Louisiana

My Commission Expires: _____

DAVID A. BARLOW, NOTARY PUBLIC
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE

4

B

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

BOREAN OIL COMPANY,    CIVIL ACTION NO. C-00-074
JON C. LEWIS, THOMAS R.
LEWIS, DYER S. WADSWORTH,
CASS COUNTY IRON COMPANY,
AND JACK L. VAUGHN AND    JUDGE H.W. HEAD, JR.
ASSOCIATES, INC.
    **Plaintiff,**

**VERSUS**

SKLAR EXPLORATION COMPANY L.L.C.,
AND SKLAR-TEX, L.L.C.
    **Defendants.**


STATE OF LOUISIANA,

PARISH OF CADDO.


## AFFIDAVIT OF JAMES N. CANTWELL


  I, James N. Cantwell, being duly sworn, state:

1.

  I am Vice President and Chief Operating Officer of Sklar
Exploration Company L.L.C. ("Sklar Exploration") and of Sklar-Tex,
L.L.C. ("Sklar-Tex"), defendants in the above captioned matter.



2.

This is an action (1) for an order to compel arbitration of a contractual dispute concerning whether the defendant, Sklar-Tex has been removed as "Operator" of a oil and gas prospect in Cass County, Texas (the "Cass County Prospect"), and (2) for an order to restrain, temporarily, the notice issued by the defendant Sklar Exploration Company L.L.C. to all of the other working interest owners, including the plaintiffs, for the drilling of a proposed well, the Johnson No. 1, L.M. Campbell Survey, A-212, Cass County, Texas, within the "Contract Area" of the Cass County Prospect (the "Johnson Well Proposal").

3.

The Johnson Well Proposal was issued by Sklar Exploration's letter dated February 9, 2000, in accordance with Article VI B. of that certain Joint Operating Agreement ("JOA") dated effective May 28, 1999, by and between Sklar-Tex, as Operator, and all of the working interest owners of the Cass County Prospect, to wit; the plaintiffs, Sklar Exploration Company L.L.C. and certain persons who are not parties to this suit, as follows: Nolan Manziel, N. Paul Manziel, Manziel Management Corporation and Manziel Family Oil and Gas Partnership, Ltd. (collectively "The Manziel Group").

4.

The Johnson Well Proposal directed that each of the working interest owners elect to participate or not to participate in the drilling of the Johnson Well within 30 days as provided for in Article VI B.1. of the JOA and the "Authority For Expenditures" ("AFE") enclosed therewith which estimated the cost of drilling and completing of the Johnson Well.

5.

Attached hereto as Exhibits 1 through 4 are letters executed by Nolan Manziel, N. Paul Manziel, Manziel Management Corporation and Manziel Family Oil and Gas Partnership, Ltd., by which each has notified Sklar Exploration that each wishes to participate in the proposed operations to drill the Johnson No. 1 Well. The attached Exhibits 1 through 4 are true copies of the letters received by Sklar Exploration in the normal course of its business and are maintained as business records in accordance with its customary business practices.

6.

Each member of the Manziel Group, pursuant to Article VI B. of the JOA, as working interest owners who have elected to participate in the operations for the drilling of the Johnson Well, (1) are entitled to receive notice from Sklar Exploration, the

3

proposing party, immediately after the expiration of the applicable 30 day notice period (March 10, 2000) of (a) the total interest of the working interest owners approving such operation, and (b) Sklar Exploration's recommendation as to whether the consenting parties should proceed with the operation as proposed; (2) are granted the right to advise Sklar Exploration of their election to acquire the proportionate part of the non-consenting party's interest; and (3) are entitled to participate in the drilling of the Johnson Well as set forth in the Johnson Well Proposal pursuant to the JOA.

Further Affiant sayeth not.

_____
James N. Cantwell

THUS DONE and SIGNED before me, Notary Public, on this 2nd day of March, 2000.

_____

NOTARY PUBLIC in and for
Caddo Parish, Louisiana

My Commission Expires: _____

DAVID A. BARLOW, NOTARY PUBLIC
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE

4



**Exploration Company LLC**

February 9, 2000

Working Interest Partners
Cass County Prospect
Cass County, Texas

Re:     Well Proposal – Johnson No. 1
        L. M. Campbell Survey, A-212
        Cass County, Texas

Dear Working Interest Owner:

        Sklar Exploration Company L.L.C., as a working interest partner to the above referenced prospect and a party to that certain Operating Agreement dated May 28, 1999, does hereby propose the drilling of a well at a location being approximately 1,225 feet East and 709 feet South from the Northwest corner of the L. M. Campbell Survey, A-212. This well will be drilled to a depth of 12,500 feet or a depth sufficient to test the Norphlet formation, whichever is deeper.  Sklar Exploration Company L.L.C. is making its proposal based upon the information provided herein.

        Enclosed for your review is an AFE reflecting expected expenditures associated with the well proposal along with an invoice reflecting individual working interest owners estimated drilling costs. Under the terms of the Operating Agreement all working interest partners shall have 30 days from date of receipt of this notice to advise Sklar Exploration Company L.L.C. whether they elect to participate in the proposed operation and the cost associated therewith.  You may i  licate your election below and return one copy to Sklar Exploration Company L.L.C.  at the address listed above.

                                                Sincerely,

                                                *Wade Taylor*

                                                Wade Taylor
                                                Land Manager

As of this __23__ day of __F E b__ 2000,


        ____✓____ I wish to participate in the above operation to drill the Johnson No. 1 well and have enclosed an executed copy of the AFE and a check made payable to Sklar-Tex L.L.C. for my proportionate share of estimated drilling costs.


        _____ I do not want to participate in the above operation to drill the Johnson No. 1 well and go non-consent under the provisions of the Operating Agreement mentioned above.

Individual/Company: __NOLAN  MANZIEL__
                         (Print Name)

By: _____
        (Signature)

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street,  Ste 1601 • Shreveport,

**EXHIBIT**

1



## Exploration Company LLC

February 9, 2000

Working Interest Partners
Cass County Prospect
Cass County, Texas

Re:     Well Proposal – Johnson No. 1
        L. M. Campbell Survey, A-212
        Cass County, Texas

Dear Working Interest Owner:

    Sklar Exploration Company L.L.C., as a working interest partner to the above referenced prospect and a party to that certain Operating Agreement dated May 28, 1999, does hereby propose the drilling of a well at a location being approximately 1,225 feet East and 709 feet South from the Northwest corner of the L. M. Campbell Survey, A-212. This well will be drilled to a depth of 12,500 feet or a depth sufficient to test the Norphlet formation, whichever is deeper.  Sklar Exploration Company L.L.C. is making its proposal based upon the information provided herein.

    Enclosed for your review is an AFE reflecting expected expenditures associated with the well proposal along with an invoice reflecting individual working interest owners estimated drilling costs. Under the terms of the Operating Agreement all working interest partners shall have 30 days from date of receipt of this notice to advise Sklar Exploration Company L.L.C. whether they elect to participate in the proposed operation and the cost associated therewith.  You may indicate your election below and return one copy to Sklar Exploration Company L.L.C.  at the address listed above.

                                        Sincerely,

                                        Wade Taylor
                                        Land Manager

As of this  23   day of   Feb   2000,


_____X_____   I wish to participate in the above operation to drill the Johnson No. 1 well and have enclosed an executed copy of the AFE and a check made payable to Sklar-Tex L.L.C. for my proportionate share of estimated drilling costs.


_____   I do not want to participate in the above operation to drill the Johnson No. 1 well and go non-consent under the provisions of the Operating Agreement mentioned above.


Individual/Company:  N. Paul Manziel
                        (Print Name)

By:
        (Signature)

**EXHIBIT**

2

tel: 318.227.8668 • fax: 318.227.9012 • 401 Edwards Street, Ste 1601 • Shreveport



**Exploration Company LLC**

February 9, 2000

Working Interest Partners
Cass County Prospect
Cass County, Texas

Re:    Well Proposal – Johnson No. 1
        L. M. Campbell Survey, A-212
        Cass County, Texas

Dear Working Interest Owner:

      Sklar Exploration Company L.L.C., as a working interest partner to the above referenced prospect and a party to that certain Operating Agreement dated May 28, 1999, does hereby propose the drilling of a well at a location being approximately 1,225 feet East and 709 feet South from the Northwest corner of the L. M. Campbell Survey, A-212. This well will be drilled to a depth of 12,500 feet or a depth sufficient to test the Norphlet formation, whichever is deeper.   Sklar Exploration Company L.L.C. is making its proposal based upon the information provided herein.

      Enclosed for your review is an AFE reflecting expected expenditures associated with the well proposal along with an invoice reflecting individual working interest owners estimated drilling costs. Under the terms of the Operating Agreement all working interest partners shall have 30 days from date of receipt of this notice to advise Sklar Exploration Company L.L.C. whether they elect to participate in the proposed operation and the cost associated therewith.  You may indicate your election below and return one copy to Sklar Exploration Company L.L.C.  at the address listed above.

                                      Sincerely,

                                      *Wade Taylor*

                                      Wade Taylor
                                      Land Manager

As of this   __23__   day of  __Feb__  2000,


      _____X_____ I wish to participate in the above operation to drill the Johnson No. 1 well and have enclosed an executed copy of the AFE and a check made payable to Sklar-Tex L.L.C. for my proportionate share of estimated drilling costs.


      _____ I do not want to participate in the above operation to drill the Johnson No. 1 well and go non-consent under the provisions of the Operating Agreement mentioned above.


Individual/Company:__Manziel Management Corporation__
                        (Print Name)

By:   *Dorothy N. Manziel*
      (Signature) Dorothy N. Manziel

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street, Ste 1601 • Shreveport,

**EXHIBIT**

3



## Exploration Company LLC

February 9, 2000

Working Interest Partners
Cass County Prospect
Cass County, Texas

Re:    Well Proposal – Johnson No. 1
       L. M. Campbell Survey, A-212
       Cass County, Texas

Dear Working Interest Owner:

Sklar Exploration Company L.L.C., as a working interest partner to the above referenced prospect and a party to that certain Operating Agreement dated May 28, 1999, does hereby propose the drilling of a well at a location being approximately 1,225 feet East and 709 feet South from the Northwest corner of the L. M. Campbell Survey, A-212. This well will be drilled to a depth of 12,500 feet or a depth sufficient to test the Norphlet formation, whichever is deeper.   Sklar Exploration Company L.L.C. is making its proposal based upon the information provided herein.

Enclosed for your review is an AFE reflecting expected expenditures associated with the well proposal along with an invoice reflecting individual working interest owners estimated drilling costs. Under the terms of the Operating Agreement all working interest partners shall have 30 days from date of receipt of this notice to advise Sklar Exploration Company L.L.C. whether they elect to participate in the proposed operation and the cost associated therewith.  You may indicate your election below and return one copy to Sklar Exploration Company L.L.C.  at the address listed above.

Sincerely,

Wade Taylor
Land Manager

As of this   23   day of   Feb   2000,

_____X_____ I wish to participate in the above operation to drill the Johnson No. 1 well and have enclosed an executed copy of the AFE and a check made payable to Sklar-Tex L.L.C. for my proportionate share of estimated drilling costs.

_____ I do not want to participate in the above operation to drill the Johnson No. 1 well and go non-consent under the provisions of the Operating Agreement mentioned above.

Individual/Company:   Manziel Family Oil & Gas Partnership, Ltd
                      (Print Name)

By:_____
   (Signature) Dorothy N. Manziel

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street,  Ste 1601 • Shreveport,

**EXHIBIT**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BOREAN OIL COMPANY, JON C. LEWIS, THOMAS R. LEWIS, DYER S. WADSWORTH, CASS COUNTY IRON COMPANY, AND JACK L. VAUGHN AND ASSOCIATES, INC. | CIVIL ACTION NO. C-00-074 |
| **Plaintiffs,** | JUDGE H.W. HEAD, JR. |
| VERSUS | |
| SKLAR EXPLORATION COMPANY L.L.C., AND SKLAR TEX, L.L.C. | |
| **Defendants** | |

## O R D E R

On the _____ day of March, 2000, this Court considered the motion of Defendants, Sklar Exploration Company, L.L.C., and Sklar-Tex, L.L.C., to dismiss the above entitled action on grounds of failure to join Nolan Manziel, N. Paul Manziel, Manziel Management Corporation, and Manziel Family Oil and Gas Partnership, Ltd. (collectively "Manziel"), and that they are indispensable parties herein. The Court finds that Manziel are indispensible parties; but were not joined as parties for the reason that their joinder would have deprived the Court of (diversity) jurisdiction over the subject matter of this action; and their subsequent joinder will deprive this Court of subject matter jurisdiction.

IT IS ORDERED that this action be and it is dismissed without prejudice, with costs allowed to such Defendants.

Signed this _____ day of March, 2000.

_____
H. W. Head, Jr.
United States District Judge

C0024902.wpd.1